JOHN ARBORIO, INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 40759.)

Third Department, May 15, 1967.

*Quartararo & Quartararo* (*Susanna E. Bedell* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Seth Towse* of counsel), for respondent.

GABRIELLI, J.  This is an appeal from a judgment and order of the Court of Claims, in an appropriation case, on the ground of inadequacy, and from an order denying a motion to reopen on the ground of newly discovered evidence.

Claimant purchased a parcel of land containing 47.8 acres of land on January 9, 1953.  This property known as the Old Kirchner Pit was, at the time of the appropriation, bounded on the north and east by Esopus Creek, on the west by the State Thruway and on the south by lands of the State acquired for the construction of the Kingston Bypass.  Prior to the appropriation and during construction of the Thruway, claimant, a contractor, used sand and gravel from some 10 acres of this parcel.

For a taking of the fee of 7.879 acres and easements of 1.726 acres, claimant was awarded damages totaling $2,400.

The principal question involved is the determination of the highest and best use of the appropriated land.  Claimant contends that the court erred in refusing to hold that the gravel deposits on the land enhanced its value far and above that for agricultural purposes, as found by the court.  The underlying issue on this phase of the case is whether there was any access to the land to permit the removal of any of the gravel or whether, because the parcel in question was landlocked, it can be considered only as agricultural.

The record amply justifies a finding that the highest and best use was for agricultural purposes.  It is clear that claimant's land was landlocked and it was, therefore, impossible for the court to reach a conclusion that any gravel thereon, increased the value of the land.  Claimant's contention that, at the time of the taking, there was a claimed precolonial highway connecting its land with any fording place across Esopus Creek, is not supported by the evidence.  Claimant's attempt to prove that a bridge could be constructed across the creek, was valueless for there was neither a claim nor any showing that it owned any land on the east side of the creek or that authorization to erect a bridge could be obtained.  Thus, there was a complete failure to prove any right of reasonable ingress to and egress from its

premises; nor was there the required proof that a reasonable probability existed that consent from contiguous owners to erect a bridge could have been obtained. The other so-called access argued by claimant as to the use of the State's property is based at best on a license and in no way shows reasonable access.

There is no place in the judicial determination of the issue of a "reasonable probability" when it is based upon mere speculation, conjecture or hope. When there is a complete failure to show this requirement, any such speculation cannot become a guide or basis for the ascertainment of value.

The issue here presented is unlike that in *Masten* v. *State of New York* (11 A D 2d 370), and *Valley Stream Lawns* v. *State of New York* (9 A D 2d 149), in each of which there was an abundance of proof that there was a reasonable probability of change. Here there was none and where " the location of the land was such, either from lack of transportation facilities or for other reasons, as to render the quarry or deposit of no practical advantage or value, then he [claimant] would be confined to the value of his land for farming purposes ". (*Matter of Daly* v. *Smith*, 18 App. Div. 194, 197.)

The measure of compensation adopted by the court, based on the market value of the land appropriated at its highest and best use and evaluated in terms of the condition in which the property was found on the date of acquisition, is supported by all the evidence.

Although claimant has appealed from an order denying its application to reopen the case and present additional proof, the point was neither raised upon the argument nor did claimant's brief ask for reversal upon this point. In any event, we reach the conclusion that the order appealed from was correctly made and should be affirmed.

The judgment and order should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur in opinion per GABRIELLI, J.

Judgment and order affirmed, without costs.